IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| DISABILITY RIGHTS TEXAS, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> RICKY BISHOP, IN HIS OFFICIAL § <br> CAPACITY AS THE SHERIFF OF § <br> TAYLOR COUNTY § <br> § <br> Defendant. § | CIVIL ACTION NO. 1:21-cv-00124 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Disability Rights Texas respectfully flies this Original Complaint for declaratory and injunctive relief and would show:

## I.    PRELIMINARY STATEMENT

1. In October 2020, Disability Rights Texas ("DRTx") received a complaint of possible abuse of an individual with mental illness, B.W., at the Taylor County Adult Detention Center in Abilene, Texas.

2. DRTx, as Texas' designated protection and advocacy system, and in accordance with its statutory obligations, sought to investigate the circumstances of this abuse pursuant to the Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI"), 42 U.S.C. § 10801, *et seq.*; the Developmental Disabilities Assistance and Bill of Rights Act ("PADD"), 42 U.S.C. §§ 15001, *et seq.*; and the Protection and Advocacy for Individual Rights Act ("PAIR"), 29 U.S.C. § 794e(a). These three laws are hereinafter collectively referred to as the "P&A Acts".

3. In accordance with these federal mandates, DRTx has the authority to access all records of an individual with a mental illness for the purposes of investigating incidents of abuse or neglect if DRTx receives a complaint or has probable cause to believe the person had been subject to abuse or neglect. These "records" include jail and detention records. Accordingly, DRTx made repeated requests to Defendant to access video related to B.W., who is alleged to have been subject to abuse during a restraint while in Taylor County Jail's custody. Defendant, however, has refused to provide DRTx access to the video.

4. DRTx seeks declaratory and permanent injunctive relief to prevent the Defendant from failing to provide DRTx with timely access to video related to a person with mental illness in Defendant's custody, as required by the P&A Acts, and to prohibit Defendant from denying DRTx future access to such records.

## II.    JURISDICTION

5. This action is authorized by 42 U.S.C. § 1983 to redress the deprivation under color of law rights guaranteed by the P&A Acts, 42 U.S.C. § 10801, *et seq.*, 42 U.S.C. §§ 15001, *et seq.*, and 29 U.S.C. § 794e(a). This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331.

6. This Court has authority to grant Plaintiff's claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-02, and Rules 57 and 65 of the Federal Rules of Civil Procedure.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). Defendant resides in this district, and the events or omissions complained of herein occurred in this district.

### III.   PARTIES

8.   Plaintiff Disability Rights Texas is a non-profit Texas corporation authorized by Congressional mandate to protect and advocate for the civil rights of persons with disabilities. DRTx was and is designated by the State of Texas to perform this Congressional mandate pursuant to the PADD Act, 42 U.S.C. §§ 15001-03, and the PAIMI Act, 42 U.S.C. §§ 10802-03. DRTx spends considerable time and resources monitoring conditions at detention facilities, including facilities like Taylor County Jail, and investigating the abuse and neglect of the rights of people residing in those facilities. DRTx's main office is located at 2222 West Braker Lane, Austin, Travis County, Texas 78758.

9.   Defendant Ricky Bishop at all relevant times was and is the duly-appointed Sheriff of Taylor County, Texas. Defendant Bishop is the duly-appointed administrator of the Taylor County Sheriff's Department and of the Taylor County Jail Deputies, Jailers, Jail employees, and contractors, and he is responsible for their training, supervision, and conduct. Defendant Bishop was and is responsible for ensuring that Taylor County Jail is in compliance with federal and state laws. Defendant Bishop was and is responsible for the implementation of the policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit. He is being sued in his official capacity as Sheriff of Taylor County, Texas. At all relevant times, Defendant Bishop was acting under color of law and as the agent, servant, and, as a matter of law, the official representative of Taylor County, Texas. Defendant Bishop may be served in his official capacity at the Taylor County Sheriff's Office, 450 Pecan Street, Abilene, Texas 79602.

10.   Wherever Plaintiff uses the word "Defendant" in this petition, it means Defendant, his agents, employees, successors, and all persons acting in concert with him or at his direction.

## IV.  FACTS

11. In October 2020, DRTx received a complaint that B.W., was inappropriately placed in a restraint, physically abused in the restraint, and denied subsequent medical attention while in custody of Taylor County Jail. In accordance with its statutory mandate, DRTx opened an investigation and obtained B.W's written consent to access his records.

12. DRTx's mandate comes from Congress's enactment of the P&A Acts after extensive congressional investigations found that existing state systems for monitoring compliance with respect to the abuse and neglect of persons with disabilities residing in institutions vary widely and are frequently inadequate to protect these individuals. To ensure that the fox was no longer guarding the henhouse, Congress mandated that each state have a "protection and advocacy system" designed to have independent access to institutions and records in order to detect and prevent abuse and neglect. Because the State of Texas receives federal funds under the P&A Acts, it is required to designate a system that is designed to protect and advocate the rights of individuals with disabilities and to investigate incidents of abuse and neglect of individuals with disabilities. *See,* 42 U.S.C. § 10801, *et seq.*; 42 U.S.C. § 15001, *et seq.* DRTx has been designated by the State of Texas to be that system.

13. The P&A Acts mandate that DRTx have access to all records of an individual with mental illness who has authorized DRTx to have such access. 42 U.S.C. § 10805(a)(4)(A); 42 C.F.R. § 51.41(b)(1).

14. The PAIMI Act defines the term "records" to include "reports prepared by any staff of a facility rendering care and treatment…". 42 U.S.C. § 10806(b)(3)(A). The implementing regulations to the PAIMI Act further define records to include "[i]nformation and individual records, obtained in the course of providing intake, assessment, evaluation, supportive and other

services… 42 C.F.R. § 51.41(c)(1). The regulations go on to state that P&As are entitled to these records "whether written or in another medium, draft or final, including handwritten notes, electronic files, photographs or *video* or audio tape records." 42 C.F.R. § 51.41(c)(emphasis added).

15. On January 6, 2021, in furtherance of its investigation and pursuant to its protection and advocacy authority, DRTx requested B.W.'s jail record including, but not limited to: his entire jail medical record; his entire mental health record; and video footage of the restraint of B.W. including a few minutes before the restraint began and a few minutes after its end.

16. Defendant produced B.W.'s jail medical record and mental health record, but has refused to provide DRTx with video of the incident.

17. Defendant requested an opinion from the Office of the Texas Attorney General seeking to withhold the video footage requested by DRTx based on state law exceptions even though the explicit language of the PAIMI regulations indicate that this authority trumps any and all contrary state laws. 42 U.S.C. §10806(b)(2)(c); 42 C.F.R. § 51.31(i).

18. On or about April 5, 2021, the Attorney General issued its ruling, OR 2021-08526, which wrongfully denied DRTx access to the records that Defendant sought to withhold because it confusingly declined to find the video to be the type of "records" contemplated by the P&A Acts and advised Taylor County Jail to withhold the video.

19. Defendant's failure to release video records violates DRTx's federal authority and unduly limits, impairs, and impedes DRTx's ability to complete its statutorily authorized investigation into possible abuse of B.W., or fulfill its mandate to protect individuals with mental illness.

20. Defendant's actions unduly restrict DRTx from obtaining records it is entitled to receive under federal law, and impair, limit, and impede DRTx's ability to timely conduct statutorily-authorized investigations regarding abuse and/or neglect involving individuals with disabilities receiving care and/or treatment at the Defendant's facility.

### V. CAUSES OF ACTION – VIOLATION OF THE P&A ACTS

21. Plaintiff DRTx restates and incorporates by reference each of the allegations contained in paragraphs 1 through 20, above.

22. The Civil Rights Act of 1871, 42 U.S.C. § 1983, provides relief for persons who, under color of state law, have been deprived of any rights, privileges, or immunities secured under the U.S. Constitution or federal law.

23. DRTx's federal mandate specifically grants DRTx the express authority to access "all records of any individual who is a client of the system if such individual, or the legal guardian, conservator, or other legal representative of such individual, has authorized the system to have such access." 42 U.S.C. § 10805(a)(4)(A); *see also* 42 U.S.C. § 15043(a)(2)(I)(i), (J); 29 U.S.C. § 794e(f)(2).

24. DRTx requested video records of a restraint of B.W. while in the Taylor County Jail, the exact type of information identified in the P&A Acts and regulations as records that are required to be disclosed to DRTx.

25. Defendant, acting under color of law, refused to provide DRTx with the video records which violates the right of Plaintiff, as guaranteed by the P&A Acts, to meaningful and timely access to records of B.W., an individual with mental illness. Defendant's policy and actions, unless enjoined, will violate DRTx's right to that information in B.W.'s case and in the event of future incidents of abuse or neglect at Taylor County Jail, preventing DRTx from being able to

complete a thorough investigation into the possible abuse or neglect of B.W. and other inmates with disabilities.

## VI. PRAYER

WHEREFORE, Plaintiff DRTx respectfully prays that this Court:

(a) Enter a permanent injunction enjoining the Defendant, his agents, or employees from denying DRTx immediate access to any and all video records pertaining to B.W.;

(b) Issue a permanent injunction against Defendant and his successors to prevent Defendant and his successors from denying all future video records requests by Plaintiff DRTx concerning individuals with disabilities confined in Defendant's facility;

(c) Issue a declaratory judgment that Defendant's policies, regulations, and practices of continuing to deny DRTx full, complete, meaningful, and timely access to Taylor County Jail video records violated and continues to violate the P&A Acts;

(d) Award Plaintiff DRTx its reasonable and necessary attorneys' fees and costs pursuant to 42 U.S.C. §1988; and

(e) Award Plaintiff any other relief that the Court deems just and equitable.

Respectfully submitted,

*Courtney Luther*
COURTNEY LUTHER
State Bar No. 24101063
cluther@drtx.org
DISABILITY RIGHTS TEXAS
1500 McGowen St., Suite 100
Houston, Texas 77004
(713) 974-7691 (Houston Office)
(713) 974-7695 (Houston Fax)

BETH L. MITCHELL
State Bar No. 00784613
bmitchell@drtx.org
LISA SNEAD
State Bar No. 24062204
lsnead@drtx.org

                DISABILITY RIGHTS TEXAS
                2222 W. Braker Lane
                Austin, Texas 78758
                (512) 454-4816 (Austin Office)
                (512) 454-3999 (Austin Fax)

                ATTORNEYS FOR PLAINTIFF